UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>                    Plaintiff,     )<br>                                   )<br>-v-                                )<br>                                   )<br>NICOLE LYNN STARR,                 )<br>                    Defendant.     )<br>_____) | No. 1:18-cr-167-14<br><br>Honorable Paul L. Maloney |

### ORDER DENYING MOTION FOR SENTENCE REDUCTION

Nicole Starr requests the Court reduce her sentence. (ECF No. 1271.) Starr references the Fifth Amendment, the Eighth Amendment, and COVID-19 as reasons for the Court to grant relief. The Government filed a response. (ECF No. 1280.) The Court will deny the motion.

1. COVID-19. Generally, a federal court may not modify a term of imprisonment one it has been imposed, subject to a few exceptions. *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). When Congress passed the First Step Act, it amended 18 U.S.C. § 3582(c)(1)(A), which now permits defendants to file motions for compassionate release with the courts. Defendants, however, must exhaust administrative remedies before seeking relief in the court. 18 U.S.C. § 3581(c)(1)(A). The statute's exhaustion requirement constitutes a "mandatory claim-processing rule" which "must be enforced" when properly invoked by the Government. *Alam*, 960 F.3d at 834 (citations omitted). In other contexts involving administrative remedies and prisoners, federal courts have required prisoners to exhaust

their claims before filing their complaint. *See Freeman v. Francis*, 196 F.3d 641, 654 (6th Cir. 1999).

The Court cannot reduce Starr's sentence under the First Step Act. The Government raised administrative exhaustion in its brief in opposition. Starr filed this motion for sentence reduction on July 12, 2020. She did not file her administrative request with the warden until July 22, 2020. (ECF No. 1280 Gov't Br. at 2 PageID.14650.) Prisoners cannot exhaust administrative remedies after they file a lawsuit. *See Freeman*, 196 F.3d at 654.

And, even if Starr had exhausted her administrative remedies, she has not demonstrated extraordinary and compelling circumstances, as required by the statute. She complains that FCI Hazelton's response to the coronavirus has been wanting. But, risk of infection to an individual that arises from prison conditions, by itself, will not justify extraordinary and compelling circumstances. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Starr has not indicated that she suffers any medical condition that would put her at a heightened risk of death from an infection as compared to other prisoners.

2. Fifth and Eighth Amendments. Starr does not provide any authority suggesting that this Court has the authority to reduce her sentence under the Fifth and Eighth Amendments. Assuming for the sake of argument only that the Court could reduce her sentence if she could show a violation of her constitutional rights, the Court has considered whether she has a claim. Starr discusses a possible Eighth Amendment claim and mentions the Fifth Amendment only in passing. To date, at several circuit courts have considered Eighth Amendment COVID-context challenges from prisoners, each involving preliminary injunction. *See Wilson v. Williams*, 961 F.3d 829, 840-42 (6th Cir. 2020); *Swain v. Junior*,

958 F.3d 1081, 1089 (11th Cir. 2020); *Valentine v. Collier*, 956 F.3d 797, 801-02 (5th Cir. 2020). The courts found that the prisoners were unlikely to succeed on the merits of their Eighth Amendment claims because the prisoners could not show that the Bureau of Prisons acted with deliberate indifference. The same problem arises here. The Government outlines the efforts made by the BOP to control and contain COVID-19 within the prison system. Starr's brief discusses events that occurred before the BOP began its concerted efforts.

For these reasons, the Court **DENIES** Starr's motion for reduction in sentence. (ECF No. 1271.) **IT IS SO ORDERED.**

Date: September 8, 2020                                        /s/ Paul L. Maloney
                                                                              Paul L. Maloney
                                                                              United States District Judge